Estate of John Kalichuk, Deceased, Alice Kalichuk, Executrix, and Alice Kalichuk, Surviving Wife v. Commissioner.
Estate of Kalichuk v. Commissioner
Docket No. 2975-62.
United States Tax Court
T.C. Memo 1964-336; 1964 Tax Ct. Memo LEXIS 3; 23 T.C.M. (CCH) 2089; T.C.M. (RIA) 64336; December 30, 1964
*3 Leonard Boreman and Orville F. Recht, Frick Bldg., Pittsburgh, Pa., for the petitioners. Gerald Backer, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: [1] Respondent determined deficiencies in the joint income tax of John and Alice Kalichuk for the years 1958 and 1959 in the respective amounts of $1,813.37 and $5,534.08. The sole question involved is whether certain sums admittedly received by John and Alice Kalichuk from their wholly owned corporation during the years 1958 and 1959 were in turn expended by them on behalf of the corporation or whether such sums were retained by the Kalichuks and, therefore, constitute dividend income to them. Findings of Fact Some of the facts were stipulated by the parties. Their stipulation, together with attached *4 exhibits, is incorporated herein by this reference. During the major portion of the period material to this proceeding [2] John and Alice Kalichuk were husband and wife residing in Monroeville, Pennsylvania. Their joint Federal income tax returns for the years 1958 and 1959, made on the cash basis and for the calendar year period, were filed with the district director of internal revenue, Pittsburgh, Pennsylvania. John and Alice Kalichuk, during the years 1958 and 1959, each owned 50 percent of the outstanding capital stock of Jonal Construction Co., Inc., a Pennsylvania corporation. John was president of Jonal and in charge of obtaining its contracts for work; Alice was secretary-treasurer and in charge of keeping the corporate books. The business of Jonal consisted of general contracting, grading, excavating, and the building of sewer and water lines. Its principal customers were municipalities, the most important of which were, for purposes of this proceeding, *5 the Borough of Monroeville and the Monroeville Water Authority. In general, the procedure used by the Council of the Borough of Monroeville and the Monroeville Water Authority Board in awarding contracts was to advertise for sealed bids for specific jobs. Bids received pursuant to such advertising were opened at a public meeting at which time they were turned over to an engineering and legal staff for determination and recommendation as to the lowest responsible bidder. A contract, however, was finally let only upon vote of the entire Council or Board, as the case may have been. During the years 1958 and 1959 Jonal Construction Co., Inc., issued 37 checks in the total amount of $26,431.51, all of which were, with a single exception, payable to cash. Of the 37 checks, 35 bear the endorsement of John Kalichuk and he received the cash proceeds from all 37. With respect to these checks, the cash receipts and disbursement journal of Jonal Construction Co., Inc., indicates the following: CASH RECEIPTS
Date
Amount
4/16/58
Monroeville Boro
$ 6,000.00
7/ 2/58
Monroeville Boro
10,086.00
7/18/58
Monroeville Boro
3,504.84
8/ 5/58
Monroeville Boro
9,033.89
8/21/58
Monroeville Boro
5,000.00
9/ 8/58
Monroeville Boro
7,000.00
9/19/58
Monroeville Boro
2,000.00
10/ 9/58
Monroeville Boro
4,296.15
10/29/58
Monroeville Boro
6,700.00
11/21/58
Patton Twp. Water
Auth. *
9,517.47
12/23/58
Monroeville Boro
2,143.85
2/17/59
Patton Water Auth. *
(1,141.20)
2/19/59
Monroeville Boro
(7,000.00)
3/13/59
Patton Twp. Water
Auth.
5,234.25
3/25/59
Monroeville Boro
6,000.00
4/14/59
Patton Twp. Water
Auth.
3,030.50
5/ 8/59
Monroeville Boro
4,000.00
5/29/59
Monroeville Boro
4,000.00
6/ 8/59
Monroeville Boro
5,000.00
6/24/59
Monroeville Boro
15,000.00
7/17/59
Monroeville Boro
8,000.00
7/23/59
Monroeville Boro
(4,000.00)
7/24/59
Monroeville Boro
(6,458.58)
8/ 4/59
Patton Twp. Water
Auth.
5,033.40
8/20/59
Monroeville Boro
(10,734.93)
8/20/59
Monroeville Boro
(9,850.63)
9/ 4/59
Monroeville Water
Auth. *
4,898.73
9/ 9/59
Monroeville Water
Auth.
3,109.85
9/14/59
Monroeville Water
Auth.
10,360.50
9/23/59
Monroeville Boro
18,200.38
10/ 7/59
Monroeville Boro
10,392.90
10/20/59
Monroeville Water
3,938.03
12/ 1/59
Monroeville Boro
55,226.07
CASH DISBURSEMENTS
4/18/58
Cash - Council
$ 600.00
7/ 3/58
Sub-Contract - Monroeville Boro
1,000.00
7/20/58
Sub-Contract - Monroeville Boro
350.00
8/ 7/58
Sub-Contract - Monroeville Boro
963.38
8/25/58
Cash (Monroeville Boro) - Sub-
Contract
500.00
9/11/58
Monroeville Boro - Sub-Contract
701.29
9/19/58
Monroeville Boro Water Auth.
- Sub-Contract (water)
200.00
10/ 9/58
Monroeville Boro - Sub-Contract
629.00
10/30/58
Sub-Contract - Monroeville Boro
670.00
11/25/58
Monroeville Boro Water Auth.
- Sub-Contract (Water)
935.45
12/24/58
Monroeville Boro - Sub-Contract
210.00
2/20/59
Sub-Contract - Monroeville Boro
801.26
3/18/59
Sub-Contract - Water Authority
523.42
3/25/59
Sub-Contract - Monroeville Boro
618.02
4/14/59
Cash (Water) - Sub-Contract
303.05
5/ 8/59
Sub-Contract - Monroeville Boro
400.00
5/29/59
Sub-Contract - Monroeville Boro
400.00
6/ 9/59
Monroeville Boro - Sub-Contract
510.12
6/25/59
Monroeville Boro - Sub-Contract
(756.24)
6/25/59
Sub-Contract - Monroeville Boro
(743.76)
7/17/59
Cash - Sub-Contract
804.59
7/24/59
Cash - Sub-Contract
(514.25)
7/24/59
Cash - Sub-Contract
(531.60)
8/ 4/59
Sub-Contract - Monroeville Boro
503.34
8/20/59
Sub-Contract - Monroeville Boro
(848.60)
8/20/59
Sub-Contract - Monroeville Boro
(1,209.96)
9/ 8/59
Sub-Contract - Monroeville Boro
489.87
9/11/59
Sub-Contract - Monroeville Boro
310.98
9/14/59
Sub-Contract - Monroeville Auth.
(629.24)
9/15/59
Sub-Contract - Water Auth.
(406.80)
9/24/59
Sub-Contract - Monroeville Boro
(841.93)
9/24/59
Sub-Contract - Monroeville Boro
(978.10)
10/ 7/59
Sub-Contract - Monroeville Auth.
(694.24)
10/ 7/59
Sub-Contract - Monroeville Boro
(390.05)
10/23/59
Sub-Contract - Monroeville
Water
393.80
12/ 4/59
Sub-Contract - Monroeville Boro
(3,130.92)
12/ 4/59
Sub-Contract - Monroeville Boro
(2,095.05)
*6 In his notice of deficiency for the years 1958 and 1959 respondent included in the joint income of John and Alice Kalichuk the proceeds of each of the checks above referred to on the ground that such proceeds were retained by John Kalichuk and Alice Kalichuk and, therefore, constituted the payment to them of dividends by the Jonal Construction Co., Inc.
Ultimate Finding The proceeds of the 37 checks here in issue were not retained by John and Alice Kalichuk, but were in each case paid over by them, on behalf of Jonal Construction Co., Inc., either to a member of the Council of the Borough of Monroeville or to a member of the Monroeville Water Authority Board for the purpose of securing work contracts for Jonal. Opinion Respondent's prime contention is that the evidence fails to establish that the Kalichuks, who admittedly received the proceeds of the 37 checks in issue, did not retain this money. Alternatively, respondent contends that even if the Kalichuks did not retain the money it is still taxable *7 to them since they received it and since they are not permitted to deduct it from their income because of the general rule prohibiting the deduction of expenditures made in contravention of clearly defined public policy. Cf. Tank Truck Rentals, Inc. v. Commissioner, 356 U.S. 30 (1958). Alice's position is that while she and John did receive the proceeds of the checks, they were mere conduits of Jonal in transmitting such proceeds to members of the Borough Council or Water Authority and because they were mere conduits, the controverted money was never includable for tax purposes in their income. We agree with Alice Kalichuk. It is our view that if, as a matter of fact, the money represented by the 37 checks in issue was paid over by the Kalichuks to Borough councilmen and a member of the Water Authority on behalf of Jonal Construction Co., Inc., then, as a matter of law, the Kalichuks were merely conduits of Jonal for this purpose, since they would have actually received neither money nor benefit. The real issue in this proceeding is one of credibility. Alice testified in detail as to the procedure whereby payments of corporate funds were made to Borough councilmen *8 and a member of the Water Authority in order to obtain work contracts for Jonal. Such testimony was corroborated by three other witnesses. Moreover, the books and records of Jonal clearly indicate that during the years in issue each time a contract payment was received from either the Monroeville Borough or the Water Authority, the payment was deposited in Jonal's bank account and a corresponding check equal to approximately 10 percent of the deposit was drawn to cash and issued on the same day or within a few days thereafter. Such documentary evidence is further corroborative of Alice's testimony. In opposition, there is only the testimony of the three public officials whom Alice identified as having received the money in question. While each admitted having a close personal relationship with John Kalichuk, all denied having ever received any money from Jonal. We note, however, that the acceptance of bribes by public officials is a serious crime in the State of Pennsylvania. See Pa. Stat. Ann., Tit. 53, Sec. 49141 (1957). Under all of the circumstances, and after having carefully scrutinized the entire record herein, we have chosen to believe the testimony of Alice Kalichuk. Accordingly, *9 Decision will be entered for the petitioners. Footnotes
1. This case was heard by Judge Clarence V. Opper and briefs were duly filed. Judge Opper died on June 19, 1964. This case, not having been disposed of, was reassigned to Judge Howard A. Dawson, Jr., on November 5, 1964, and notice was given to the parties that any request for rehearing or reargument might be presented to him within 30 days. No such requests have been received.↩
2. John Kalichuk died on November 6, 1959. Alice Kalichuk was appointed and qualified as executrix of his estate, by letters testamentary issued December 1, 1959, by the Register of Wills of Allegheny County, Pennsylvania.↩
*. The Monroeville Water Authority was formerly known as the Patton Township Water Authority or Patton Water Authority and the three names are used here interchangeably.↩